UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>**Tempnology LLC,**<br><br>         **Debtor** | Chapter 11<br>Case No. 15-11400-BAH |

**ORDER DIRECTING UNITED STATES TRUSTEE
TO APPOINT AN EXAMINER**

After notice and hearing, and for good cause shown, the Court concludes that the appointment of an examiner is appropriate to investigate the terms of the proposed sale of substantially all the assets of the Debtor, Tempnology, LLC, and that such appointment is in the best interests of creditors, any equity security holders, and other interests of the Debtor's estate. Accordingly, the Court hereby orders that:

1. The United States Trustee is directed to appoint an examiner ("**Examiner**") for the chapter 11 case of Tempnology, LLC ("**Debtor**") pursuant to 11 U.S.C. § 1104(c) and (d);

2. The Examiner is directed to investigate:

   a. the negotiation and execution of the proposed stalking horse agreement ("**Agreement**") between the Debtor and Schleicher & Stebbins Hotels L.L.C. ("**S&S Hotels**");

   b. the amount, validity and priority of S&S Hotels' claims and liens;

   c. the value of the assets ("**Assets**") to be sold through the Agreement;

   d. the identification of all existing liens or secured claims against the Assets;

   e. whether and to what extent the Debtor has engaged in adequate marketing efforts with regard to the Assets;

   f. specific liabilities to be assumed through the Agreement; and

   g. whether the Debtor's proposed bidding procedures and form notice of sale [Court Docket No. 34] should be amended, clarified or supplemented;

3. The Examiner shall prepare and file an interim report with regard to the matters set forth in paragraph 2 above seven days from the date of the Examiner's appointment;

4. The Examiner shall be given unrestricted access to all documents and information in the possession, custody or control of the Debtor regarding the Assets and their sale, including any communications with potential purchasers;

5. The Examiner shall prepare and file with the Court a report with regard to the sale process ten (10) days before the hearing set by the Court with regard to the motion to approve the sale of the Assets;

6. The Examiner is permitted to investigate the conduct of the Debtor's management in operating the company during the case as it relates to the sale process and otherwise perform the duties of an Examiner set forth in 11 U.S.C. §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code;

7. The Examiner, the Debtor, any creditor or the United States Trustee shall have the right to petition the Court to further expand the scope of the Examiner's investigation, if during such investigation other relevant matters are revealed which the Examiner, the Debtor, the creditors, or the United States Trustee believe should be brought to the attention of the Court;

8. The Debtor, its professionals (subject to attorney-client privilege), and the creditors and purported creditors are directed to fully cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the investigation of the sale process;

9. Until the Examiner has filed his or her report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the investigation, the Examiner's findings, or the Examiner's duties;

10. With the prior approval of the Bankruptcy Court, the Examiner may retain counsel and other professionals, if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327;

11. Subject to any order setting a budget for the performance of the Examiner's duties, the Examiner shall be compensated and reimbursed for his or her expenses pursuant to 11 U.S.C. § 330 and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330;

12. The Examiner shall have the standing of a "party-in-interest" with respect to matters that are within the scope of the investigation, and shall be entitled to appear and be heard at any and all hearings in these cases;

13. Nothing in this order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to the appointment of a trustee.

Dated: September 18, 2015 /s/ Bruce A. Harwood
The Honorable Bruce A. Harwood
Chief United States Bankruptcy Judge