**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re:<br><br>OLD COLD, LLC,<br><br>        Debtor. | Bk. No. 15-11400-BAH<br>Chapter 11 |

**APPELLANT'S DESIGNATION OF ISSUES ON APPEAL**

Mission Product Holdings, Inc. ("Mission"), by and through its undersigned counsel, pursuant to Fed. R. Bankr. P. 8006 and 1st Cir. BAP L.R. 8006-1, designates the following issues on appeal of the order and opinion entered by the Bankruptcy Court on December 18, 2015 [D.E. 307], [D.E. 306] granting Tempnology LLC's (the "Debtor")[1] Motion to Approve Procedures In Connection With Sale Of Substantially All Of Debtors Assets [D.E. 34] (the "Sale Motion") and approving the sale of the Debtor's assets to Schleicher & Stebbins Hotels L.L.C. ("S&S"):

**Statement of Issues**

The issues to be presented on appeal are the following:

1.      Whether the Bankruptcy Court clearly erred in ruling that an insider, S&S, was a good faith purchaser entitled to the protection of section 363(m) of the Bankruptcy Code given that S&S did not pay value for the Debtor's assets and given (a) the absence of any evidence that the sale was an arm's-length transaction and (b) uncontroverted evidence regarding the inequitable, improper and unfair conduct of S&S, its principals and the Debtor, acting in concert, before, during and after the sale, including, without limitation, lack of disclosure, disparate treatment of bidders, disparate access to critical information, concealment of S&S sale terms,

---

[1] After the Bankruptcy Court granted the Sale Motion, the Debtor apparently changed its name to "Old Cold, LLC." See D.E. 319.

1

conducting a procedurally-flawed auction (including *ex parte* communication with S&S regarding its bid), and other pre-sale conduct designed to chill the bidding and to ensure a sale to S&S.

    2.    Whether the Bankruptcy Court erred as a matter of law in approving the sale of substantially all of the Debtor's assets to an insider, S&S, pursuant to section 363 of the Bankruptcy Code, where the sale clearly did not comply with the Bankruptcy Code, including, without limitation, the absolute priority rule and the prohibition against intra-class discrimination.

    3.    Whether the Bankruptcy Court erred, as a matter of law, in approving a sale free and clear of Mission's exclusive license to use the Debtor's intellectual property within a designated territory.

    4.    Whether the Bankruptcy Court erred as a matter of law in allowing S&S to credit bid its pre-petition alleged secured debt at the auction held by the Debtor where, without limitation, the alleged secured claim of S&S had not been allowed, there were bona fide challenges to the validity and extent of such alleged secured claim, and there was uncontroverted evidence that allowing the credit bid would and did chill the sale process.

    5.    Whether the Bankruptcy Court erred, as a matter of law, in ruling that the proposed sale was not a de facto plan that failed to comply with the Bankruptcy Code.

    6.    Whether the Bankruptcy Court clearly erred in calculating the value of S&S's alleged winning bid at the auction held by the Debtor, including, without limitation, by double-counting the same consideration, and therefore clearly erred in approving the S&S bid as the highest and best bid at the auction when Mission's all-cash bid was clearly higher and better.

Dated: January 4, 2016                                    MISSION PRODUCT HOLDINGS, INC.

By its attorneys:

*/s/ Michael A. Klass*
Michael A. Klass, Esq.  BNH #: 07284
BERNSTEIN SHUR SAWYER & NELSON, P.A.
Jefferson Mill Building
670 North Commercial Street
Suite 108
Manchester, NH 03105
Phone: (603) 623-8700
Fax: (603) 623-7775
Email: mklass@bernsteinshur.com

       and

*/s/ Robert J. Keach*
Robert J. Keach, Esq.
Michael A. Siedband, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle St., PO Box 9729
Portland, Maine 04104-5029
Phone: (207) 774-1200
Fax: (207) 774-1127
Email: rkeach@bernsteinshur.com
msiedband@bernsteinshur.com